UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DYLAN FORD,

       Plaintiff,

v.                                             Hon. Jane M. Beckering

RODNEYSE BICHOTTE-HERMELYN, et al.,          Case No. 1:26-cv-1413

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, who claims he or she resides in South Sioux City,[1] Nebraska, filed a pro se complaint in this case on April 30, 2026, against Defendants Rodneyse Bichotte-Hermelyn, Brian Gotlieb, and Joy Campenelli. (ECF No. 1.) Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2). I conclude that the complaint must be dismissed for lack of subject matter jurisdiction and because it fails to state a claim.

Plaintiff's complaint contains two sentences that are simply legal conclusions. First, "Brian Gotlieb and Joy Campanelli obstructed justice[.]" Second, "Rodneyse Bichotte-Hermelyn participated in the process." (*Id.* at PageID.1.) The last statement asserts that "[t]he compensation is to be decided by the jury." (*Id.*) This is the entirety of Plaintiff's allegations.

It is firmly established that a court may dismiss an action *sua sponte* "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479–80 (6th Cir. 1999); *see*

---

[1] The postmark on the envelope is New York, N.Y. (ECF No. 1 at PageID.2.)

*also Wagenknecht v. United States*, 533 F.3d 412, 417 (6th Cir. 2008). Plaintiff's complaint, which contains one vague factual allegation, fits comfortably within *Apple*'s standard for dismissal for lack of subject matter jurisdiction.

The complaint also fails to state any cognizable claim. Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007) (internal citations and footnote omitted). As the Supreme Court has held, to satisfy this rule, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the complaint simply "pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted). As the Court further observed:

> Two working principles underlie our decision in Twombly. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 678–79 (internal citations omitted).

The complaint falls well short of the *Twombly*/*Iqbal* standard. No plausible claim is alleged.[2] Accordingly, I recommend that the Court dismiss Plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date:  May 6, 2026                                    /s/ Sally J. Berens
                                                       SALLY J. BERENS
                                                       U.S. Magistrate Judge

---

[2] Although Plaintiff provides no factual detail about Defendants, it appears from a Google search that Gottlieb (incorrectly spelled in the complaint as Gotlieb) and Campenelli are judges in the State of New York judicial system and have no connection with this district or Michigan. I note that in Case No. 1:25-cv-1827, a plaintiff identified as John Shapario, allegedly from Anchorage, Alaska, sued Joy Campenelli in this Court asserting similar allegations. The envelope enclosing Shapiro's complaint, like the envelope enclosing Plaintiff's complaint in this action, contained a New York, N.Y., postmark. The documents dismissing the case were returned to the Court for insufficient address. In Case No. 1:26-cv-1048, a plaintiff purportedly named Kelly Ross from Houston, Texas sued Joy Campanelli, Genine D. Edwards, and Brian Gottlieb in this Court based on a similar complaint. The envelope enclosing Ross's complaint also contained a New York, N.Y. postmark, and the documents dismissing the case were returned to the Court marked as not deliverable as addressed. In *Ross v. Campanelli*, No. 26-2151, 2026 WL 900034, at *2 (D. Kan. April 2, 2026), the court noted that "[a] PACER search . . . reveals that a Kelly Ross has sued a Joy Campanelli and others in 22 different federal courts in March 2026." The court observed that such conduct constituted "an abuse of the legal process." *Id.* The foregoing pattern suggests that an individual other than Dylan Ford who lives in New York filed this action under a fictious name and address.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).